# Exhibit A

 CT Corporation

**Service of Process Transmittal**
01/14/2016
CT Log Number 528471905

TO:     Sabina Downing
        C. R. Bard, Inc.
        730 Central Ave
        New Providence, NJ 07974-1199

RE:     **Process Served in Florida**

FOR:    C. R. Bard, Inc.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TERESA FRANCIS, Pltf. vs. DAVOL, INC. and C.R. BARD, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE1600259 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal Injuries - Composix Kugel Hernia Mesh Patch |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/14/2016 at 14:25 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | LAWRENCE J. DISPARTI<br>DISPARTI LAW GROUP, PA<br>1041 US HIGHWAY 19<br>HOLIDAY, FL 34691<br>(727)934-7862 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782170469756 |
| | Image SOP |
| | Email Notification, Myra McGinley  Myra.McGinley@CRBard.com |
| | Email Notification, Greg Dadika  Greg.dadika@crbard.com |
| | Email Notification, Sam Khichi  Sam.Khichi@crbard.com |
| | Email Notification, Sabina Downing  Sabina.Downing@crbard.com |
| | Email Notification, Elizabeth Yodice  Elizabeth.yodice@crbard.com |
| | Email Notification, Candace Camarata  candace.camarata@crbard.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
01/14/2016
CT Log Number 528471905

**TO:**   Sabina Downing
C. R. Bard, Inc.
730 Central Ave
New Providence, NJ 07974-1199

**RE:**   **Process Served in Florida**

**FOR:**   C. R. Bard, Inc.  (Domestic State: NJ)

**TELEPHONE:**          954-473-5503

Page 2 of  2 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 36396230 E-Filed 01/11/2016 02:40:08 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**
**CIVIL DIVISION**

TERESA FRANCIS,
     Plaintiff,

                             Case No. *CACE - 16 - 00259*

vs.

DAVOL, INC. AND C.R. BARD, INC.,
     Defendants.                         /

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in
this action on defendant(s):

          **CT CORPORATION SYSTEM as REGISTERED AGENT for**
          **C.R. BARD, INC.**
          **1200 S PINE ISLAND ROAD**
          **PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorney:

          **LAWRENCE J. DISPARTI, ESQ.**
          **DISPARTI LAW GROUP, PA**
          **1041 US HIGHWAY 19**
          **HOLIDAY, FL 34691**
          **(727)934-7862**

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the complaint or petition.

DATED on      JAN 13 2016

                                   Clerk of the Court
                                   By:
                                   As Deputy

                                          HOWARD C. FORMAN

## IN THE CIRCUIT COURT IN AND FOR BROWARD COUNTY, FLORIDA
## CIVIL ACTION

TERESA FRANCIS,

        Plaintiff,

vs.

DAVOL, INC. and C.R. BARD, INC.,

        Defendants.

CASE NO.: _____

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, TERESA FRANCIS, sues Defendants, DAVOL, INC. and C.R. BARD, INC., and allege as follows:

## JURISDICTION AND VENUE

1.    This is an action for damage in excess of seventy-five thousand ($75,000) dollars exclusive of interest and costs.

2.    Venue is proper in this Circuit, as Plaintiff is a resident of Pompano Beach, Broward County, Florida.

## PARTIES

3.    Plaintiff, TERESA FRANCIS, claims damages as a result of strict product liability and negligence stemming from the implantation of a defective Composix Kugel Hernia Mesh Patch into her body.

4.    Defendant DAVOL, INC. (hereafter "DAVOL"), a subsidiary of Defendant,

C. R. BARD, INC., is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Warwick, Rhode Island at 100 Crossings, Warwick, Rhode Island, 02886. At all times material hereto, Defendant DAVOL conducted business within the state of Florida and manufactured, tested, analyzed, distributed, labeled, sold, supplied, marketed and/or promoted hernia surgical repair products to distributors, medical practitioners and medical facilities within the State of Florida.

5.     Defendant C.R. BARD (hereafter "BARD") is a corporation duly organized and *existing* under the law of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974. At alt times material hereto, Defendant BARD conducted business within the State of Florida and is in the business of manufacturing, testing, analyzing, distributing, labeling, selling, supplying, marketing and/or promoting hernia surgical repair products to distributors, medical practitioners and medical facilities within the State of Florida. Additionally, BARD manufactures and supplies DAVOL with material that forms part of the Composix Kugel Hernia Mesh Patch.

6.     DAVOL is a subsidiary of BARD and, as a result, BARD is legally and factually responsible for all obligations, debts and liabilities of DAVOL. BARD is the successor in *interest* (and therefore the real party in interest) to DAVOL. The term "BARD," when used herein, refers to both BARD and DAVOL.

## FACTUAL BACKGROUND

7.     Composix Kugel Hernia Mesh Patches were implanted in patients during ventral (or abdominal) hernia repair surgeries to repair hernias that can occur following

2

thinning or stretching of the abdominal wall or scar tissue that forms after surgery.

8.    A hernia occurs when the stomach muscles are too weak to contain the intestines, and, as a result, a rupture occurs in the muscle wall which allows the intestines to protrude.

9.    Composix Kugel Hernia Mesh Patches were invented and developed by Dr. Robert Kugel to repair abdominal hernias. The mesh patch is constructed of a dual mesh technology including polypropylene mesh and includes a hard "memory recoil ring" (or PET coil ring) imbedded in the mesh. During a surgical procedure, the hernia mesh patch is folded and inserted through a small incision into the area behind the hernia defect; the memory recoil ring then is intended to allow the mesh to spread out or re-expand once deployed inside the abdominal area.

10.    In approximately 1996, Surgical Sense, Inc. began manufacturing the Kugel line of hernia repair mesh products. BARD acquired the Kugel line of hernia repair mesh products in January of 2000, and, in 2001, introduced its new line of Composix Kugel Hernia Mesh Patch products through DAVOL.

11.    The 510K Application to the Food & Drug Administration (hereafter "FDA") for approval of the Composix Kugel Hernia Mesh Patches was submitted by Defendants on January 22, 2001. The FDA subsequently approved the 510K application and authorized the Composix Kugel Hernia Mesh Patches as Class II medical devices.

12.    Upon information and belief, Composix Kugel Hernia Mesh Patches and other hernia repair products with similar design features (hereafter "Hernia Mesh Patches") were manufactured and sold by Defendants between January 2001 and March of 2006.

3

13.     Because of design and manufacturing defects in the Defendants' Hernia Mesh Patches, the memory recoil (or PET recoil) rings can break while inside of the intra-abdominal space resulting in serious injuries, including, but not limited to, the following: intestinal perforations, ring migration through the abdominal wall, abscess formation, bowel obstruction, sepsis, and chronic intestinal fistulae (the formation of abnormal connections or passageways between the intestines and other organs). In addition, the hernia mesh patches with dual mesh design can become twisted or migrate within the abdominal cavity causing similar harm to the patient.

14.     Almost immediately after the Composix Kugel Hernia Mesh Patches were placed on the market in 2001, Defendants began receiving notifications and knowledge of failures of the memory recoil ring and defects in various sizes of the Composix Kugel Hernia Mesh Patches. Defendants actively and intentionally concealed their knowledge of the defective and dangerous conditions associated with the Composix Kugel Hernia Mesh Patches from Plaintiff, Plaintiff physicians, the medical community, and the general public for many months while continuing to manufacture, market, and sell the defective hernia mesh products.

15.     Due to the number of injuries resulting from the Composix Kugel Hernia Mesh Patches, the FDA first announced a Class I recall regarding certain sizes of Composix Kugel Hernia products on December 22, 2005. Since then, the recall has been expanded with additional recall notices issued on March 24, 2006, and January 10, 2007. These additional recall notices extended to additional sizes of the Kugel hernia mesh products and broader dates of manufacture. MDL 1842 has also expanded to include cases alleging defects in additional sizes and styles of Composix Kugel

4

Hernia Mesh Patches as well as other products manufactured by Defendants that include a memory recoil ring and/or dual mesh technology not included in these recalls.

16.     Further. the FDA has conducted investigations into Defendants' actions and has concluded. among other things, that Defendants:

    a.    Excluded ring failure events which should have been included in their complications database, reports, and recall notices;

    b.    Misidentified numerous events and reports relating to complications and defects in Hernia Mesh Patches;

    c.    Failed to apply its product quality hold and release procedure on a timely basis;

    d.    Failed to properly follow procedures for conducting design validation review;

    e.    Failed to identify all actions necessary to correct and prevent the recurrence of further memory recoil ring breakage and other complications associated with the use of its Hernia Mesh Patches, including, but not limited to, an unsubstantiated recall of only a portion of the defective devices in December of 2005;

    f.    Failed to provide full information regarding numerous complaints relating to its Hernia Mesh Patches;

    g.    Failed to actually perform strength testing on memory recoil rings for all sizes of its Mesh Patches before placing them into the stream of commerce; and

    h.    Failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the memory recoil ring and dual mesh technology failures and complaints relating to its Hernia Mesh Patches, resulting in numerous inconsistencies and errors in the raw data and the information entered into Defendants' electronic databases.

17.     At all times relevant and material to the claims asserted in this civil action, Defendants directly or indirectly made, designed, created, manufactured, assembled, inspected, tested, sterilized, labeled, packaged, distributed, marketed, advertised,

promoted, supplied, and/or sold its Hernia Mesh Patches for implantation in the human body during incisional ventral hernia repair surgery.

18.     Defendants' Kugel Hernia Mesh Patches were intended for purchase and use by consuming members of the general public, and as a result of the Defendants' activities and pursuits, more specifically set forth elsewhere herein, such Hernia Mesh Patches were sold or otherwise ultimately delivered for use to members of the general public as consumers.

19.     Defendants had control over the design, manufacturing, assembly, inspection, testing, sterilization, labeling, packaging, distribution, marketing, advertising, promotion, warnings, supply and/or sale of its Hernia Mesh Patches.

20.     Defendants' Hernia Mesh Patches pose substantial and unreasonable risks of danger and injury in the following respects:

      a.     The memory recoil ring is likely to malfunction during or after implantation;

      b.     The Defendants' Hernia Mesh Patches were was not manufactured properly;

      c.     The Defendants' Hernia Mesh Patch had a defective design;

      d.     The Defendants' Hernia Mesh Patches were not safe and did not perform as safely as an ordinary consumer/patient would expect; and

      e.     The Defendants' Hernia Mesh Patches did not adequately or sufficiently maintain its integrity during normal use after implantation in the consumer/patient.

21.     Defendants' Hernia Mesh Patches are uniformly defective because they possess the same potential for breakage or malfunction of the memory recoil ring and/or migration of the patch which can lead to serious injury and death.

6

22.     Despite Defendants' knowledge that the memory recoil rings had failed due to the above-described defects, Defendants did not timely apprise the public and physicians of the defects in their Hernia Mesh Patches.

23.     Although Defendants knew or should have known that dangerous risks were associated with their Hernia Mesh Patches as manufactured, Defendants proceeded to or permitted the patches to be advertised, promoted, and/or sold without adequate warnings of the dangerous risks and defects present in the products.

24.     On or about November 15, 2005, Plaintiff, TERESA FRANCIS, underwent a ventral hernia repair surgery performed by Plaintiff's treating physician, Samuel Szomstein, M.D.

25.     During the surgery, a Bard Composix Kugel Hernia Patch, Product Code No. 0010202, Lot No. 43CPD325 (size 13.8 cm x 17.8 cm; 5.4" x 7.0") that included the memory recoil ring was surgically implanted into Plaintiff's body.

26.     Since Plaintiff's initial hernia repair surgery, Plaintiff has undergone multiple additional surgeries and hospitalizations due to complications associated with the defective mesh.

27.     As a direct and legal result of the defective condition of Defendants' Composix Kugel Hernia Mesh Patch implanted into Plaintiff's body. Plaintiff has suffered and continues to suffer from serious injuries, including, but not limited to, pain and suffering, physical Injuries, disability. significant disfigurement, embarrassment, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care treatment, loss of earnings, loss of the ability to earn money in the future, and a shortened life span.

7

28.    When Defendants' Hernia Mesh Patches were surgically implanted into Plaintiff, the patches were used in the manner and for the purposes for which they were intended, and the patches were in the same condition as they had been when it left Defendants' possession.

29.    At all times material hereto, Defendants either knew or should have known that the Hernia Mesh Patches implanted into Plaintiff were defective in that they contained a memory recoil ring that was prone to break or fail after surgery and/or that the hernia mesh patches were also prone to migration and other failure modes due to their defective condition.

30.    At all times relevant hereto, Defendants knew or should have known. and profited from the fact, that the Kugel Hernia Mesh Patches as manufactured were dangerous and not suited for implantation into Plaintiff's body.

31.    Plaintiff's injuries relating to Defendants' Kugel Hernia Mesh Patches are likely to continue into the future and to require significant additional medical treatment, further surgeries, hospitalizations and medical treatment, and Plaintiff will likely incur additional medical expenses and economic losses in the future.

## COUNT I - STRICT LIABILITY

32.    Plaintiff, TERESA FRANCIS, adopts by reference all of the allegations contained in Paragraphs 1 through 31 above, each inclusive, as though fully set forth herein.

33.    Defendants' Hernia Mesh Patches were expected to and did in fact reach Plaintiff without a substantial change in their condition from the time of their manufacture.

8

34.     Plaintiff used Defendants' Hernia Mesh Patches for their intended purposes and the Hernia Mesh Patches were not materially altered or modified prior to their use.

35.     The Hernia Mesh Patches manufactured and marketed by Defendants were defective and unreasonably dangerous when they left the possession of the respective Defendants in that:

a.     When placed in the stream of commerce, the Hernia Mesh Patches contained unreasonably dangerous design defects in their manufacture and failed to perform as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Defendants;

b.     The Hernia Mesh Patches contained a lack of warnings or inadequate warnings to alert Plaintiff, Plaintiff's physician(s) and others of severe and life threatening complications and risks including breakage of the memory recoil ring, failure or migration of the hernia mesh patch, pain, infections and the need for subsequent surgeries;

c.     The Hernia Mesh Patches were insufficiently tested and/or inspected; and

d.     There were insufficient post-marketing warnings to alert Plaintiff, Plaintiff's physician(s), and others of severe and life threatening complications and risks after Defendants knew or should have known of the significant risks associated with its Hernia Mesh Patches that include memory recoil rings and/or dual mesh technology. Defendants failed to provide adequate warnings to Plaintiff and her physician(s) and others and continued to promote the sale and use of the Hernia Mesh Patches.

36.     Defendants, as manufacturers of the Hernia Mesh Patches, are held to the level of knowledge of experts in the field.

37.     Plaintiff, TERESA FRANCIS's physician(s) did not have substantially the same knowledge as Defendants or the knowledge that would have been gleaned from an adequate warning from the manufacturers.

9

38.     Defendants had a continuing duty to warn the Plaintiff, Plaintiff's physician(s), and others of the dangerous risks associated with its Hernia Mesh Patches that included memory recoil rings and/or dual mesh technology, and failed to do so.

39.     Plaintiff and Plaintiff's physician(s) did not and could not have known at the time of the surgery, or at any time prior, of the existence of the defective and unreasonably dangerous condition of Defendants' Hernia Mesh Patches.

40.     By virtue of placing the unreasonably dangerous and defective Hernia Mesh Patches into the stream of commerce, Defendants are strictly liable for the injuries sustained by Plaintiff.

41.     As a direct and proximate result of the defective condition of the Hernia Mesh Patches, Plaintiff has sustained serious and permanent injuries, including, but not limited to, physical injuries, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a previously existing condition, expenses of hospitalization, medical and nursing care and treatment, loss of earnings. and loss of the ability to earn money in the future. These losses are either permanent or continuing.

WHEREFORE, Plaintiff, TERESA FRANCIS, demands judgment against Defendants for damages, as well as costs of this action, and a trial by jury of all issues to be tried.

## COUNT II - NEGLIGENCE

42.     Plaintiff, TERESA FRANCIS, adopts by reference all of the allegations contained in Paragraphs 1 through 31 above, each inclusive, as though fully set forth herein.

10

43.    At all times material hereto, Defendants had a duty to Plaintiff to exercise reasonable care in the design, manufacture, testing, inspection, sterilization, processing, advertising, marketing, testing, labeling, assembling, packaging, distribution, warning, promotion and sale of its Hernia Mesh Patches.

44.    At all times material, Defendants knew, or in the exercise of reasonable care, should have known, that its Hernia Mesh Patches were not properly manufactured, compounded, assembled, inspected, packaged, distributed, tested, analyzed, examined, or prepared, and were sold without sufficient warnings or instructions such that the patches were likely to injure its users, such as Plaintiff.

45.    Defendants were negligent in their actions, misrepresentations, and omissions toward Plaintiff and Plaintiff's physician(s) in the following ways:

a.    Failed to include adequate warnings with Its Hernia Mesh Patches that would alert consumers and physicians to the potential risks;

b.    Negligently and carelessly manufactured, compounded, assembled, packaged, labeled, distributed, negligently and carelessly analyzed or failed to analyze, negligently and carelessly examined or failed to examine, failed to warn or inadequately warned, inadequately instructed or failed to instruct, negligently and carelessly prepared, and sold its Hernia Mesh Patches such that the patches were dangerous, unsafe and not reasonably fit for the uses and purposes for which the patches were intended;

c.    Failed to conduct sufficient testing and/or inspection of its Hernia Mesh Patches, which, if properly performed, would have revealed or led to the detection of defects in the products, such as breakage of the memory recoil ring and failure and migration of the hernia mesh patch, which caused injury to Plaintiff herein; and

d.    Failed to provide Plaintiff with accurate information about the defective nature of its Hernia Mesh Patches after they were implanted in Plaintiff.

46.    Defendants knew or should have known that its Hernia Mesh Patches

11

would subject Plaintiff, TERESA FRANCIS, to unreasonably dangerous risks of which the Plaintiff and her treating physicians would not be aware. Defendants nevertheless advertised, marketed, sold and distributed its Hernia Mesh Patches knowing that there were safer methods and products available for hernia repair surgery.

47.     As a direct and legal result of the negligence of Defendants, Plaintiff has sustained serious and permanent injuries including, but not limited to, physical injuries. pain and suffering, disability, disfigurement, mental anguish. loss of capacity for the enjoyment of life, expenses for hospitalization, medical and nursing care and treatment, aggravation of a previously existing injury. loss of earnings, and loss of the ability to earn money in the future. These losses are either permanent or continuing.

WHEREFORE, Plaintiff, TERESA FRANCIS, demands judgment against Defendants for damages, as well as costs of this action and a trial by jury of all issues to be tried.

**JURY TRIAL DEMANDED ON ALL ISSUES**

Dated this _____6th_____ day of January, 2016

_____/s/ Lawrence Disparti_____
Lawrence Disparti
Florida Bar No. 649775
Disparti Law Group, P.A.
1041 U.S. Highway 19
Holiday, Florida 34691
Phone:       (727) 934-7862
Fax:          (877) 554-2766

Attorneys for Plaintiff

12

/s/ James Capretz
James T. Capretz
California Bar No. 44442
Capretz & Associates
5000 Birch Street, Suite 4600
Newport Beach, CA 92660
Phone:        (949) 724-3000
Fax:          (949) 757-2635

Attorneys for Plaintiff
To be admitted *pro hac vice*

13